UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Garrin David Smith**, #11304-171<br>*aka Garrett Don Smith*,<br><br>                        Petitioner,<br><br>vs.<br><br>United States,<br><br>                        Respondent.<br>_____ | **C/A No. 6:07-1793-GRA-WMC**<br><br>**Report and Recommendation** |

A document captioned "RULE 12(b)(2)(6) WRIT OF HABEAS CORPUS AD SUBJICIENDUM § 2241 RULE 60(b)(1), (2), (3), (4)" that is being treated as a Petition for Writ of Mandamus filed pursuant to 28 U.S.C. § 1651 has been submitted to the Court *pro se* by a federal prison inmate.[1]  In September 2004, Petitioner (or someone with a very similar name and alias) pled guilty in this Court to conspiracy to possess with intent to distribute methamphetamine and ecstacy.  In April 2005, he was sentenced to 135 months imprisonment, but no direct appeal was immediately taken.  *U.S. v. Smith*, Criminal Action No. 6:04-cr-466-GRA.  A timely *pro se* § 2255 motion was filed on October 13, 2005 and, on January 18, 2006, a belated direct appeal was granted when this Court vacated and then re-entered the conviction and sentence so as to permit the filing of a timely appeal. *Smith v. USA*, Civil Action No. 6:05-2932-GRA (Entry 6).  That decision by this Court –

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

which was based on a claim of ineffective assistance of counsel – was affirmed as modified on October 12, 2006.[2]  *U.S. v. Smith*, 205 Fed.Appx. 156 (4th Cir. Oct. 12, 2006)(No. 06-6175).  Petitioner's appointed legal counsel filed an *Anders* brief in the Fourth Circuit Court of Appeal, asserting only that there might have been inadequacies in the guilty plea colloquy.  None of the other issues presented in the initial § 2255 motion was raised by counsel in the direct appeal.  The conviction/sentence was affirmed on October 31, 2006, and the mandate was issued on November 22, 2006.  *USA v. Smith*, 204 Fed.Appx. 298 (4th Cir. Oct. 31, 2006)(No. 06-4103).

The crux of the Petition filed in this case is that Petitioner now claims that he is not the person who was convicted because he has a different, though similar, name to the person who was named in the federal indictment.  He claims that his appointed counsel was ineffective for failing to discover the identity problem, and that the United States Attorney who prosecuted him committed numerous torts (abuse of process, civil conspiracy, defamation, fraud, malicious prosecution, etc.) against him.  This appears to be the first time this claim of improper identity of the criminal defendant has been raised by this prisoner.[3]

---

[2] The sentencing issues that Petitioner had raised in his § 2255 motion had been "dismissed" by this Court.  The Fourth Circuit directed that said dismissal was "without prejudice" so as to allow Petitioner to raise them in his direct appeal.  As previously stated, Petitioner's appointed counsel did not include those points in his *Anders* brief to the Fourth Circuit.

[3] It is noted that a review of the contents of the docket of his criminal and initial § 2255 cases discloses that the plea agreement and some other documents prepared by the Government (US Attorney/Probation) list the current name the Petitioner is using: "Garrin Smith," as an alias.  In fact, Petitioner's own *pro se* § 2255 motion has the following name for the "Petitioner" in the caption: "Garrett Smith aka Garrin Smith."

2

In an attempt to liberally construe Petitioner's *pro se* pleading, the initial pleading filed in this case has been construed as a Petition for Writ of Mandamus. This is an appropriate construction because Petitioner seeks to have this Court decide that he is not the person who was convicted before this Court and to then order the Federal Bureau of Prisons (BOP) to release him from confinement. Additionally, he seeks an order, also apparently to BOP, that "all records containing [Petitioner's] signature, fingerprints, photos, and/or any other form of identification be disclosed or concealed from Public affairs or interest." (Entry 1, Pet. 8). *See Black's Law Dictionary* (8th ed. 2004)(mandamus is defined as "A writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly."). However, another equally reasonable construction of the initial pleading is as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Regardless of which construction is adopted, as shown below, the initial pleading filed in this case is frivolous and subject to summary dismissal without service on Respondent.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, __ U.S. __, __ S. Ct. __, __ L.Ed.2d __, 2007 WL 1582936 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal because neither mandamus nor § 2241 is the proper remedy for the problems Petitioner alleges. Moreover, Petitioner has an available and adequate remedy by way of a timely, non-successive motion to vacate his conviction and sentence under 28 U.S.C. § 2255 which he has yet to pursue.

It is well settled that a writ of mandamus is a drastic remedy which is used by courts only in "exceptional circumstances." The writ is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Super. Ct. of Mecklenburg County*, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). The United States Supreme Court has discussed the extraordinary nature of the mandamus writ and the fact that only in exceptional circumstances may it be issued as follows:

> In order to insure that the writ will issue only in extraordinary circumstances this Court has required that a party seeking issuance have no other adequate means to attain the relief he desires, *ibid*.; *Roche v. Evaporated Milk Assn.*, *supra,* 319 U.S., at 26, 63 S.Ct., at 941, and that he satisfy the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.' " *Bankers Life & Cas. Co. v. Holland*, *supra*, 346 U.S., at 384, 74 S.Ct., at 148, *quoting United States v. Duell*, 172 U.S. 576, 582, 19 S.Ct. 286, 287, 43 L.Ed. 559 (1899). In short, our cases have answered the question as to the availability of mandamus in situations such as this with the refrain: "What never? Well, hardly ever!"

*Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35-36 (1980)(emphasis added).

The Fourth Circuit also emphasizes that the availability of an alternative remedy is central to the consideration of whether the case is exceptional enough to warrant issuance of a writ of mandamus. That court has held that where there is an alternate way for the petitioner to obtain the relief he desires, mandamus will not lie. *See Pet. of Int'l Precious Metals Corp.*, 917 F.2d 792 (4th Cir. 1990); *Chatman-Bey v. Thornburgh*, 864 F.2d 804 (D.C. Cir. 1988)(prisoner dissatisfied with his projected release date not entitled to mandamus; available remedy under 28 U.S.C. § 2241. Furthermore, the duties claimed to be owed by the officer or employee of the United States must be "plainly defined and peremptory" in order for mandamus to issue to compel the performance of such duty. *See U. S. v. Helvering*, 301 U.S. 540 (1937).

Since Petitioner's conviction and sentence did not become final until the date of the issuance of the mandate in the direct appeal: November 22, 2006, *see U.S. v. Prescott*, 221 F.3d 686, 687 (4th Cir. 2000), he is currently still within the one-year limitation period applicable to 28 U.S.C. § 2255. As a result, he can still file a timely, non-successive motion to vacate his conviction and/or sentence should he desire to attack the underlying

5

validity of the conviction and sentence on which he is currently incarcerated. Such motion would be the appropriate method of raising the ineffective assistance of counsel, improper identity, and prosecutorial misconduct issues relative to the criminal conviction and sentence that he seeks to raise in the Petition filed in this case. *See Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) *(*"a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner must pursue that adequate and available remedy before his case may be considered "exceptional" enough to warrant use of the extraordinary writ of mandamus to address his concerns about the validity of his continuing confinement under the conviction and sentence allegedly entered against a different person. Furthermore, issuance of a writ of mandamus in this case is also prohibited because any duty to release Petitioner from confinement allegedly owed by Respondent United States, through the BOP, is not plainly defined and is peremptory at this stage of the proceedings relating to the subject conviction and sentence. See *Helvering*. Accordingly, this mandamus action should be summarily dismissed as it is clear that Petitioner has not exhausted his available remedies for proving himself to be a different person from the one who was convicted and sentenced in Criminal Action No. 6:04-466-GRA.

Finally, to the extent that the initial pleading in this case could be construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, this case is still subject to summary dismissal because, as stated above, Petitioner's claims of an invalid conviction and sentence are cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241. Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was

6

inadequate or ineffective, and cannot do so since he has only fairly recently concluded his direct appeal and has not attempted to file another timely, non-successive § 2255 motion to raise his identity issue.  Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997).  In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy.  In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention.  See *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case.  For example, it has been found available in  actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence.  See *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991).  Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. See *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits).  A petition for habeas corpus under

§ 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d at 129-30.

Petitioner's allegations about an incorrectly identified criminal defendant, prosecutorial misconduct, and ineffective counsel all go to the underlying validity of his conviction and sentence rather than to the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause" of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. . *See In re Vail,* 115 F.3d 1192 (4th Cir. 1977); *Tanksley v. Warden*, No. 99-4391, 2000 WL 1140751(6th Cir., Aug. 08, 2000)(unpublished opinion); *Ward v. Snyder*, No. 00-5191, 2000 WL 1871725 (6th Cir., Dec. 12, 2000)(unpublished opinion); *Gonzales v. Snyder*, No. 00-1095, 2000 WL 636908 (8th Cir., May 18, 2000)(same); *Elzie v. Pugh*, No. 99-1002, 1999 WL 734453 (10th Cir., Sept. 21, 1999)(same); *Onaghise v. Bailey*, No. 98-17174, 1999 WL 613461 (9th Cir., Aug. 12, 1999)(same).

Petitioner makes no "ineffective or inadequate" argument whatsoever in his Petition. However, even if he had, he could not, in good faith, claim that the § 2255 remedy is "inadequate or ineffective" in his case because he has not even attempted to file a second § 2255 motion in this Court to raise his current contentions. Additionally, he has not requested permission from the Fourht Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244, to file a second § 2255 motion. The Clerk of Court will be directed under the

accompanying Order to send Petitioner a blank § 2255 form so that he can raise his claims in the proper manner.

### RECOMMENDATION

Accordingly, it is recommended that the Petition filed in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return). *Cf*. Anti-Terrorism and Effective Death Penalty Act of 1996.

Petitioner's attention is directed to the important notice on the next page.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

July 13, 2007

Greenville, South Carolina

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).