UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Garrin David Smith, | ) | C/A No.: 6:07-cv-01793-GRA |
| a/k/a Garrett Don Smith | ) | |
| | ) | |
| Petitioner, | ) | **AMENDED ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**[THE ONLY AMENDMENT TO THIS ORDER IS THE PHRASE "WITHOUT PREJUDICE" ON PAGE 1, LINE 10]**

This matter is before the Court on the petitioner's "Motion to Issue Summons in Civil Action No. 6:07-1793-GRA-WMC," which was filed on October 22, 2007.  On June 28, 2007, Petitioner filed a writ of mandamus, which the magistrate construed as a 28 U.S.C. § 2241 petition.  In that petition, Smith claimed that he was not the person named in the federal indictment and that his conviction was a result of misidentification.  The magistrate issued a Report and Recommendation on July 13, 2007, recommending that the petition be dismissed without prejudice and instructing the petitioner to file a petition, pursuant to 28 U.S.C. § 2255.  On August 13, 2007, this Court adopted the magistrate's Report and Recommendation and dismissed the § 2241 petition without prejudice.  On October 22, 2007, Petitioner filed the instant

1

motion requesting that the Court issue service of the summons.  For the foregoing reasons, the motion is DENIED.

Petitioner brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Under the Antiterrorism and Effective Death Penalty Act of 1996, an individual is not permitted to "file a second or successive . . .  § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)(citations omitted). Section 2255 provides:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> >
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255; *See also* 28 U.S.C. §§ 2244, 2253.

2

Upon review of the record, it has come to this Court's attention that the present motion must be construed as a second or successive petition for relief under § 2255. Petitioner has filed three prior petitions for writ of habeas corpus, pursuant to § 2255. *See Smith v. United States of America*, No. 6:04-cr-00466. Petitioner filed his first *habeas corpus* petition on October13, 2005, it was denied on January 18, 2006, and subsequently affirmed by the Fourth Circuit. He filed a second motion on June 17, 2007, entitled "Defendant's Motion for Damages." This Court construed portions of this motion as a second *habeas corpus* petition under § 2255. These claims were dismissed on July 3, 2007, for failure to certify them with the Court of Appeals. Petitioner filed his third § 2255 motion, on August 3, 2007, and it was dismissed by this Court on August 14, 2007 for lack of authorization to file a second or successive petition.

Therefore, the court must deny Petitioner's Motion to Issue Summons. Petitioner must seek such authorization before filing a second or successive § 2255 motion.

IT IS THEREFORE ORDERED that the petitioner's Motion to Issue Summons be DENIED.

3

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

January  14 , 2008
Anderson, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.

4