UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | C/A No.: 6:04-cr-00466-GRA |
| | ) | 6:07-cv-01793-GRA |
| | ) | 6:05-cv-7932-GRA |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Garrett Don Smith | ) | |
| a/k/a Garrin Smith, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on five pending motions filed by the petitioner in three separately docketed actions: Case No. 6:04-cr-00466; Case No. 6:07-cv-01793; and Case No. 6:05-cv-02932. Two of the motions are to correct or amend the record in Petitioner's case. The three remaining motions are identical motions to vacate, set aside, or correct a sentence, pursuant to 28 U.S.C. § 2255.

The Court has consolidated all of the pending motions, and will address each of them in this Order. For the following reasons the Court: (1) GRANTS the two pending motions to amend or correct the record to allow Petitioner the opportunity to file his § 2255 motions; (2) VACATES IN PART the order issued on July 3, 2007, in Case No. 6:04-cr-00466, to the extent that it construed Petitioner's Motion for Damages as a second § 2255 motion; (3) VACATES its prior orders issued on August 14, 2007 and January 14, 2008 in Case No. 6:04-cr-00466; (4) VACATES the order filed on

December 3, 2007 in Case No. 6:07-cv-01793; and (5) DISMISSES the petitioner's pending § 2255 petitions in Case Nos. 6:04-cr-00466 and 6:07-cv-01793.

## BACKGROUND

On September 3, 2004, Petitioner, represented by counsel, pleaded guilty to the Indictment which charged him with conspiracy to possess with intent to distribute fifty (50) grams or more of actual methamphetamine; five hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine; and a quantity of the drug commonly known as "Ecstasy", in violation of 21 U.S.C. § § 841 (a)(1) and (b)(1)(B) and 21 U.S.C. § 846. On March 30, 2005, Petitioner was sentenced to one hundred thirty-five (135) months imprisonment and five (5) years supervised release. Petitioner did not appeal his sentence and conviction. Judgment was entered on the district court docket on April 5, 2005.

Petitioner filed his first motion, pursuant to 28 U.S.C. § 2255, on October 13, 2005. Petitioner raised the following grounds for relief in his petition: (1) the district court imposed a sentence in violation of *United States v. Booker*, 125 S. Ct. 738 (2005); (2) a violation for an enhancement pursuant to 21 U.S.C. § 851; and (3) ineffective assistance of counsel. This Court dismissed the action on the first two grounds, but vacated Petitioner's sentenced and immediately reimposed his judgment of conviction so that he could file a timely appeal. Petitioner filed an appeal on January 23, 2006, and the Fourth Circuit affirmed the district court's sentence.

On June 27, 2007, Petitioner filed a motion captioned "Motion for Damages" which this Court dismissed finding that Petitioner should have filed the action pursuant to 28 U.S.C. § 1983.  However, based on the Court's duty to liberally construe all *pro se* pleadings, the Court noted that in the event that Petitioner was seeking relief based on *habeas corpus*, the Court could not address the merits of the action, because it determined that the motion was Petitioner's second, uncertified motion.  From that point forward, the Court concluded that all subsequent § 2255 motions filed by Petitioner were successive motions which needed to be certified by the Court of Appeals.

On February 5, 2008 and February 25, 2008, in Case No. 6:04-cr-00466, Petitioner filed identical § 2255 motions.  On February 13, 2008, in Case No. 6:07-cv-01793, Petitioner filed a motion to amend or correct the record and another § 2255 motion, which is identical to the motions filed in Case No. 6:04-cr-00466.  Finally, on February 19, 2008, in Case No. 6:05-cv-02932, Petitioner filed the same motion to amend or correct the record to allow Petitioner to file his § 2255 motions.

Upon review of the record and reconsideration of the order filed on July 3, 2007, the Court now vacates, in part, the portion of the order where the Court liberally construed Petitioner's Motion for Damages as a § 2255 motion, since the motion was properly dismissed on other grounds.  Further, the Court vacates its orders issued on August 14, 2007 and January 14, 2008 in Case No. 6:04-cr-00466 and the order issued on December 3, 2007, in Case No. 6:07-cv-01793, to the extent that

those orders dismissed the petitioner's case based on the conclusion that they were successive motions which required certification from the Fourth Circuit. The Court will now address the merits of the pending § 2255 motions, since the claim for relief is identical to all of the previous motions filed.

## DISCUSSION

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

A § 2255 action is the appropriate mechanism for "a prisoner in custody[,] under sentence of a court established by [an] Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution[,] . . . to vacate, set aside[,] or correct the sentence." 28 U.S.C. § 2255. In deciding a § 2255 motion, the court may summarily dismiss the motion "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner raises four grounds for relief in his pending § 2255 motions. Essentially, each ground for relief deals with Petitioner's contention that the defendant

charged in the indictment, named in the pre-sentence investigation report, and listed in all other court documents is Garrett Don Smith; however, Petitioner states that his name is Garrin David Smith.  Therefore, he maintains that his conviction was invalid. The Court will address the issue of improper identity as it pertains to all four grounds since Petitioner claims that his counsel was ineffective for failing to raise the issue on direct appeal.

I.    Petitioner's claim for relief based on improper identity is denied because of procedural default.

Ground One of the motion states that Petitioner's Fourth Amendment rights were violated because his "[i]dentity was established on Presentence Investigation Report, and prosecution still continued under the name of Garrett Don Smith." (Petition 5.)  Ground Two makes an allegation of prosecutorial misconduct and alleges that his counsel was ineffective for raising the issue on direct appeal .  His basis for this ground is that "[a]ll documents in Case No. 6:04-466(1)-GRA, has a discrepancy between the actual name and the name used throughout the district and Circuit Court's documents."  (Pet. 6.)  Ground Three makes a general claim of improper identity, and the petitioner again argues that his counsel was ineffective for failing to raise this issue on appeal.  Finally, Ground Four states that his counsel was ineffective for failing to raise the improper identity issue on direct appeal.

As stated in the petition, Petitioner failed to raise any of the issues related to his improper identity allegation on direct appeal.  An argument not raised on direct appeal is waived.  *United States v. Frady*, 456 U.S. 152, 162-66 (1982); *United*

*States v. Harris*, 183 F.3d 313, 317 (4th Cir. 1999) (stating that an error can be attached on collateral review only if first challenged on direct appeal); *Grant v. United States*, 72 F.2d 503, 505-506 (6th Cir. 1996), *cert. denied*, 517 U.S. 1200 (1996) (refusing to address sentencing "relevant conduct" issues in a § 2255 because claims were not raised on direct appeal).  Petitioner did not raise his claim of improper identity, therefore, he is now foreclosed from raising it unless he demonstrates the cause for his failure to appeal and the actual prejudice stemming from this procedural default. *Frady*, 456 U.S. at 167-168.  Petitioner states that he did not raise this issue on direct appeal due to the ineffective assistance of his attorney.  However, Petitioner has not shown prejudice from his counsel's failure to raise this claim on appeal. *Whren v. United States*, 517 U.S. 806 (1996); *Frady*, 456 U.S. at 167.

Even if the Court were to find that Petitioner's claim was not procedurally defaulted, the Court notes that the caption of the indictment, the plea agreement, and the pre-sentence investigation report all state that the defendant's name is "Garrett Don Smith *a/k/a* Garrin Smith."  Furthermore, Petitioner signed the plea agreement as Garrin Smith.  Therefore, the Court finds that Petitioner's claim of improper identification is wholly without merit and DENIES Petitioner's request for relief.

Since every ground alleged in each of Petitioner's previously filed § 2255 motions are all based upon this issue of improper identity, the Court finds it unnecessary to address the remainder of Petitioner's claims.

**CONCLUSION**

Petitioner's claims are procedurally barred and deficient. Therefore, all of Petitioner's claims must fail. Since it is clear from the pleadings, files, and records that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. *See* 28 U.S.C. § 2255; *Raines v. United States*, 423 F.2d 526 (4th Cir. 1970). Accordingly, Petitioner's motion for an evidentiary hearing is DENIED.

**IT IS THEREFORE ORDERED THAT:**

(1) Petitioner's motions to correct or amend the record in C/A No. 6:07-cv-01793, Docket Entry 22, and C/A No. 6:05-cv-02932, Docket Entry 14, are GRANTED;

(2) The Court's order in C/A No. 6:04-cr-00466, Docket Entry 76, be VACATED IN PART;

(3) The Court's orders in C/A No. 6:04-cr-00466, Docket Entries 82 and 87, be VACATED; and

(4) The Court's orders in C/A NO. 6:07-cv-01793, Docket Entry 18 the two pending § 2255 petitions be DISMISSED.

**IT IS FURTHER ORDERED THAT:**

(1) Petitioner's pending § 2255 motion in C/A No. 6:04-cr-00466, Docket Entry 90, is DENIED and the action is DISMISSED; and

(2) Petitioner's pending § 2255 motions in C/A No. 6:07-cv-01793, Docket Entries 24 and 25, are DENIED and the actions are DISMISSED.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

May  13 , 2008

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.